IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MERNER and MERNER LAND COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>PETER W. MERNER,<br><br>    Defendant._____/ | No. C 02-02336 CW<br><br>ORDER REGARDING SCHEDULE FOR FURTHER BRIEFING |

   On July 3, 2003, the Court granted Plaintiffs Carl Merner's (Carl) and Merner Land Company's (MLC) motion for summary judgment, and enjoined Defendant Peter Merner (Peter) from selling his shares of MLC stock in a way that would cause MLC to lose its Subchapter S tax status. The Clerk entered judgment. Peter appealed. The Ninth Circuit, in an unpublished decision, held that as a minority-shareholder Peter did not owe a fiduciary duty to Carl or MLC that would prevent him from selling his shares in MLC to an entity that would cause MLC to lose its Subchapter S tax status. Merner v. Merner, 129 Fed. Appx. 342 (9th Cir. March 18, 2005). The Ninth Circuit reversed and remanded so that the Court could consider the remaining claims in Carl's complaint. Id.

   In its July 3, 2003 Order, the Court noted that it did not

address Carl's and MLC's argument that they are entitled to summary judgment and injunctive relief because Peter's sale of his stock in MLC to a non-qualified entity would breach his implied promise not to do so and violate the covenant of good faith and fair dealing. The parties addressed that issue in their previous papers, but concentrated on the fiduciary duty issue.  Therefore, the Court will allow the parties to further brief the remaining issue if they so choose.  The parties are ordered to file a stipulated briefing schedule by September 30, 2005, and the matter will be decided on the papers.  If the parties fail to file a stipulation by that date, the Court will make its ruling based on the summary judgment papers already filed.

  IT IS SO ORDERED.

Dated: SEP 21 2005

CLAUDIA WILKEN
United States District Judge

2